**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1857-24

KOBIR AHMED,

    Plaintiff-Appellant,

v.

SHAH JAHAN SHIRAJ,

    Defendant-Respondent.

_____

Submitted January 14, 2026 – Decided July 22, 2026

Before Judges Gummer and Paganelli.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-2821-24.

John Vincent Saykanic, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

In this 2024 lawsuit involving an alleged 2012 breach of an oral contract between family members, plaintiff Kobir Ahmed appeals an order dismissing his complaint with prejudice pursuant to Rule 4:6-2(e). The trial court found

plaintiff's causes of action were barred by the applicable statutes of limitations. Based on our de novo review, we affirm.

I.

On September 23, 2024, plaintiff filed a verified complaint against his nephew, defendant Shah Jahan Shiraj. Plaintiff alleged that in May 2010 defendant told him about property defendant "claimed to have owned with a friend" that "was fast approaching foreclosure." According to plaintiff, defendant advised him the deed to the property was in his friend's "name, while the [m]ortgage was in [defendant]'s name." Plaintiff alleged he and defendant "agreed that . . . [p]laintiff would spend all the money and time necessary to get the mortgage refinanced" and "[i]f he did so, [defendant] would then transfer the [p]remises to . . . [p]laintiff."

Plaintiff asserted that on June 29, 2010, he "facilitated [the friend's d]eeding [of] the [p]remises to" defendant; in July 2012, his "efforts . . . proved fruitful and the bank approved a refinance of the [p]remises"; and defendant received "the [m]odification" of the mortgage on July 16, 2012. According to plaintiff, his efforts to obtain the refinancing included addressing the bank's concern about defendant, who was a taxi driver and did not have a steady income, by arranging for his business to hire defendant "in title only" and issue

2

to him "paychecks for no purpose other than to show an ability to pay the mortgage." Plaintiff asserted defendant had agreed "he would owe the money back to" plaintiff's business.

Plaintiff alleged defendant "stopped answering [his] calls and text messages" after the bank approved the refinancing. Plaintiff asserted defendant's "family and friends and especially his sister, implored [him] not to take any legal action before they intervened and spoke with" defendant, but plaintiff "could get no response from" defendant. According to plaintiff, "he realized . . . [d]efendant had breached or was planning to breach the agreement by selling the [p]remises to a third party" when he learned in October 2023 about defendant's plan to sell.

Plaintiff pleaded the following causes of action: unjust enrichment, breach of contract,[1] breach of the implied covenant of good faith and fair

---

[1] In the breach-of-contract count, plaintiff stated "[b]etween the date of refinance and 2023, [defendant] actively led and misled . . . [p]laintiff into believing that he would convey the [p]remises to him and return the 'wages' to" plaintiff's business. That bald statement is not supported by any allegation in the "FACTS" section of the complaint. To the contrary, plaintiff alleged defendant stopped communicating with him after the refinancing, failing to respond to his calls or texts. Plaintiff has not alleged a single communication he had with defendant between the date of refinance and 2023. "[P]leadings reciting mere conclusions without facts . . . do not justify a lawsuit." Neuwirth v. State, 476 N.J. Super. 377, 390 (App. Div. 2023) (alteration and omission in

A-1857-24

dealing, fraud, civil conspiracy, "accounting," and specific performance. In the civil-conspiracy count, plaintiff claimed defendant and "other family members . . . intended to induce [him] into taking no legal action." Plaintiff more specifically alleged "family members [had] told [him] repeatedly that they would address and remedy the situation with [defendant] as soon as they were physically back in the United States" and "utilized cultural pressure against [him], telling him that legal action would only bring disrepute and shame to the family." According to plaintiff, in the parties' Bangladeshi culture, "litigation is strongly disapproved of" and "[a]lmost all disputes are settled amicably between parties, . . . with . . . family . . . or friends . . . intervening to work things out." Plaintiff contended he had "refrained from initiating any sort of legal proceeding" due to "his family's assurances and their cultural norms."

Defendant moved to dismiss the complaint pursuant to Rule 4:6-2(e). Defendant argued plaintiff's causes of action accrued in July 2012 when defendant did not convey the property after receiving the mortgage modification and were barred by the six-year statute of limitations set forth in N.J.S.A. 2A:14-1. Defendant also argued plaintiff had failed to plead any facts that warranted

_____

original) (quoting Glass v. Suburban Restoration Co., 317 N.J. Super. 574, 582 (App. Div. 1998)).

the equitable tolling of the statute of limitations and that cultural norms and requests from non-party family members to forgo litigation did not rise to the extraordinary circumstances or deception required to toll the statute of limitations. After hearing argument on February 5, 2025, the trial court entered an order with an accompanying statement of reasons granting the motion and dismissing plaintiff's complaint with prejudice.

On appeal, plaintiff argues the court erred in finding his causes of action time-barred because they did not accrue until October 2023 when he discovered defendant's plan to sell the property, any statute of limitations were equitably tolled by "the intentional inducement and trickery by [d]efendants," and the twenty-year time period under N.J.S.A. 2A:14-7 was the applicable statute of limitations. Unpersuaded by those arguments, we affirm.

II.

We review de novo a trial court's decision granting a motion to dismiss pursuant to Rule 4:6-2. See ACLU of N.J. v. Cnty. Prosecutors Ass'n of N.J., 257 N.J. 87, 100 (2024). In performing that de novo review, "[w]e apply the same standard that governs the trial court in that inquiry," assuming the allegations in the pleadings are true and affording the pleading party all reasonable factual inferences. Ibid.; Sparroween, LLC v. Twp. of West

Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017) (same). "Although the review of the factual allegations of a complaint on a motion to dismiss is to be 'undertaken with a generous and hospitable approach,' '[a] pleading should be dismissed if it states no basis for relief and discovery would not provide one.'" Mueller v. Kean Univ., 474 N.J. Super. 272, 283 (App. Div. 2022) (alteration in original) (first quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989); and then quoting Rezem Fam. Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 113 (App. Div. 2011)).

"[W]hether a cause of action is barred by a statute of limitations is a question of law, [which] we review de novo." Save Camden Pub. Schs. v. Camden City Bd. of Educ., 454 N.J. Super. 478, 487 (App. Div. 2018); see also Barron v. Gersten, 472 N.J. Super. 572, 576 (App. Div. 2022) (reviewing de novo the trial court's dismissal of a complaint as barred by a statute of limitations). We "owe[] no deference to the trial court's legal conclusions," Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019), including its "'legal interpretations' in dismissing [a] . . . complaint as time-barred," Save Camden Pub. Schs., 454 N.J. Super. at 488 (quoting Giannakopoulos v. Mid State Mall, 438 N.J. Super. 595, 600 (App. Div. 2014)).

6

"A statute of limitations is what its name indicates: a statute enacted by the Legislature to limit the time period in which a lawsuit can be filed." Barron, 472 N.J. Super. at 576. "Statutes of limitations, by their nature, are intended to compel plaintiffs to file their lawsuits within a prescribed time to allow defendants a fair opportunity to respond and safeguard their interests." Id. at 576-77 (quoting The Palisades at Fort Lee Condo. Ass'n, Inc. v. 100 Old Palisade, LLC, 230 N.J. 427, 443 (2017)). "They also 'encourage diligence and penalize dilatoriness by allowing the dismissal of stale claims.'" Id. at 577 (quoting The Palisades, 230 N.J. at 443).

Plaintiff alleges that pursuant to their oral contract, defendant agreed to transfer the property to him upon his successfully refinancing the mortgage. The bank issued a mortgage modification on July 16, 2012. Defendant not only failed to transfer the property to plaintiff, he "stopped answering [p]laintiff's calls and text messages." Plaintiff waited more than twelve years to file his complaint.

Plaintiff relies on two equitable doctrines – the discovery rule and the doctrine of equitable tolling – to explain that delay.[2] "While the discovery rule

---

[2] We consider plaintiff's equitable arguments, setting aside any concerns we may have that plaintiff's agreement to have his business provide defendant with

A-1857-24

postpones the accrual of a cause of action, equitable tolling acknowledges the accrual of the action but tolls the statute of limitations because the plaintiff lacked vital information that was withheld by a defendant." Freeman v. State, 347 N.J. Super. 11, 31 (App. Div. 2002). Neither saves plaintiff's claims.

"Equitable principles—principles that comport with notions of fundamental fairness—govern the accrual date of a legal claim." The Palisades, 230 N.J. at 443. New Jersey courts have long recognized the application of the discovery rule to "prevent the sometimes harsh result of a mechanical application of the statute of limitations." Martinez v. Cooper Hosp.-Univ. Med. Ctr., 163 N.J. 45, 52 (2000).[3] "The fundamental question in a discovery rule case . . . is 'whether the facts presented would alert a reasonable person,

---

a position "in title only" and paychecks defendant had to pay back with the goal of convincing the bank defendant had a job with a steady income violates the equitable maxims "he who seeks equity must do equity," Thompson v. City of Atlantic City, 190 N.J. 359, 384 (2007) (quoting Ryan v. Motor Credit Co., 132 N.J. Eq. 398, 401 (E. & A. 1942)), and "[a] suitor in equity must come into court with clean hands," Borough of Princeton v. Bd. of Chosen Freeholders of Mercer, 169 N.J. 135, 158 (2001) (alteration in original) (quoting A. Hollander & Son, Inc. v. Imperial Fur Blending Corp., 2 N.J. 235, 246 (1949)).

[3] The discovery rule "generally does not apply to contract actions." County of Hudson v. State, Dep't of Corr., 208 N.J. 1, 16 (2011) (quoting County of Morris v. Fauver, 153 N.J. 80, 110-11 (1998)). However, in the interest of completeness, we consider plaintiff's discovery-rule argument as to all of his causes of action.

A-1857-24

exercising ordinary diligence, that he or she was injured due to the fault of another.'" J.P. v. Smith, 444 N.J. Super. 507, 527 (App. Div. 2016) (quoting Caravaggio v. D'Agostini, 166 N.J. 237, 246 (2001)); see also The Palisades, 230 N.J. at 444 (same).

"The doctrine of equitable tolling, though similar to the discovery rule, is slightly different. It may be available 'when a plaintiff is misled . . . and as a result fails to act within the prescribed time limit.'" Bustamante v. Borough of Paramus, 413 N.J. Super. 276, 299 (App. Div. 2010) (omission in original) (quoting Villalobos v. Fava, 342 N.J. Super. 38, 50 (App. Div. 2001)). Only under very limited circumstances may a statute of limitations be equitably tolled: "(1) [if] the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his [or her] rights, or (3) if the plaintiff has timely asserted his [or her] rights mistakenly in the wrong forum." Barron, 472 N.J. Super. at 577 (alterations in original) (quoting F.H.U. v. A.C.U., 427 N.J. Super. 354, 379 (App. Div. 2012)) (internal quotation marks omitted).

"Absent a showing of intentional inducement or trickery by a defendant, [equitable tolling] . . . should be applied sparingly and only in the rare situation where it is demanded by sound legal principles and in the interest of justice."

9

Ibid. (alteration and omission in original) (quoting Binder v. Price Waterhouse & Co., L.L.P., 393 N.J. Super. 304, 313 (App. Div. 2007)). "[E]quitable tolling requires plaintiffs to diligently pursue their claims because although it affords relief from inflexible, harsh or unfair application of a statute of limitations, [it] does not excuse claimants from exercising the reasonable insight and diligence required to pursue their claims." Ibid. (alteration in original) (quoting Binder, 393 N.J. Super. at 313) (internal quotation marks omitted).

Considering those equitable principles de novo, we reject plaintiff's assertion his causes of action did not accrue until 2023 and discern no basis to equitably toll the applicable statute of limitations. The discovery rule does not save plaintiff's claims. Instead of conveying the property to plaintiff in accordance with their alleged oral argument, defendant ceased all contact with plaintiff. Despite plaintiff's multiple efforts to communicate with defendant, defendant "stopped answering [his] calls and text messages" and plaintiff "could get no response from" him. "[A] reasonable person, exercising ordinary diligence," would have known long before 2023 that, contrary to their alleged oral argument, defendant was not conveying the property to plaintiff. Caravaggio, 166 N.J. at 246. Based on the facts alleged by plaintiff, a conclusion his causes of action accrued in 2012 is neither inequitable nor unfair.

Plaintiff also has not demonstrated he was "actively misled" or was "in some extraordinary way . . . prevented from asserting his . . . rights." Barron, 472 N.J. Super. at 577 (quoting F.H.U., 427 N.J. Super. at 379). Defendant did not respond to his calls or texts, and other family members "implored" plaintiff not to take legal action until they had the opportunity to speak with defendant. Neither constitute "intentional inducement or trickery."[4] Binder, 393 N.J. Super. at 313. And a general aversion to litigation – whether cultural, societal, or familial – does not warrant equitable tolling.

Finally, we reject plaintiff's assertion the twenty-year statute of limitations set forth in N.J.S.A. 2A:14-7 applies to his claims. As the Court held in J & M Land v. First Union Bank, 166 N.J. 493, 506 (2001), "N.J.S.A. 2A:14-6 and -7 bar a landowner's right of entry or action for real estate if those actions are not brought within twenty years of the accrual of such right, title of entry, or cause of action." Plaintiff never owned the property, held title to it, or had a

---

[4] These allegations also do not support a civil-conspiracy claim. Main St. at Woolwich, LLC v. Ammons Supermarket, Inc., 451 N.J. Super. 135, 152 (App. Div. 2017) (finding "[a] civil conspiracy occurs when 'two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage'" (quoting Morgan v. Union Cnty. Bd. of Chosen Freeholders, 268 N.J. Super. 337, 364 (App. Div. 1993))).

right of entry. Instead, as he alleges, he was a party to a breached contract regarding the property. The statute of limitations for that claim, as well as his other substantive claims, is six years. See N.J.S.A. 2A:14-1 (requiring action for tortious injury, conversion, or express or implied contractual claims to "be commenced within six years next after the cause of any such action shall have accrued"); see also Nester v. O'Donnell, 301 N.J. Super. 198, 204 (App. Div. 1997) (finding "the limitations period for fraud is six years"); Kopin v. Orange Prods., Inc., 297 N.J. Super. 353, 373-74 (App. Div. 1997) (finding the six-year limitation under N.J.S.A. 2A:14-1 applicable to quasi-contract claims, including unjust-enrichment claims).

In sum, we conclude the court correctly applied a six-year statute of limitations to plaintiff's claims, declined to apply the discovery rule or the doctrine of equitable tolling, and found plaintiff's claims untimely. Accordingly, we affirm the February 5, 2025 dismissal order.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hartley

Clerk of the Appellate Division

A-1857-24